**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID W. HUNTER,

      Plaintiff - Appellant,

      v.

JOE ORTIZ, Executive Director;
COMCOR, INC., Agents or employees
of; ANITA BROWN; DEBRA
DURAN,

      Defendants - Appellees.

No. 04-1289
(D. Ct. No. 04-Z-875)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant David W. Hunter is a state prisoner in the custody of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the Colorado Department of Corrections ("DOC").  Mr. Hunter filed this 42

U.S.C. § 1983 action against the DOC's Executive Director, Defendant-Appellee

Joe Ortiz, and two of its agents, Defendants-Appellees Anita Brown and Debra

Duran.  Mr. Hunter alleges violations of the Eighth and Fourteenth Amendments

to the United States Constitution based on his detention at the El Paso County

Jail.  The District Court dismissed the complaint as frivolous.  28 U.S.C.

§ 1915(e)(2)(B)(i).  Mr. Hunter timely appeals, we take jurisdiction under 28

U.S.C. § 1291 and AFFIRM.

## I.  BACKGROUND

In February 2004, while residing in the DOC's Community Corrections

Residential Program, Mr. Hunter was convicted of disciplinary charges and

sentenced to punitive segregation.  As a result, Mr. Hunter was informed that he

would be sent to a correctional facility to serve his segregation sentence.

Although Mr. Hunter was ultimately transferred to a correctional facility, he was

incarcerated for over two months at the El Paso County Jail before the transfer to

a DOC correctional facility was completed.

While residing at the El Paso County Jail, Mr. Hunter filed suit claiming

that he should not be held at the county jail.  He requested relief in the form of

transfer to a DOC facility or back to community corrections as well as

compensatory damages for the violations of his constitutional rights.  The

- 2 -

complaint, however, did not state the legal grounds on which Mr. Hunter was contesting his confinement in the county jail.

Construing his pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the District Court interpreted Mr. Hunter's complaint to argue that his confinement constituted cruel and unusual punishment under the Eighth Amendment and violated the Due Process Clause of the Fourteenth Amendment. It concluded that Mr. Hunter's claims were frivolous and dismissed them pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Mr. Hunter timely appeals.

## II. DISCUSSION

We review a District Court's 28 U.S.C. § 1915(e) dismissal for abuse of discretion. *McWilliams v. Colorado*, 121 F.3d 573, 574–75 (10th Cir. 1997). Here, the District Court dismissed Mr. Hunter's complaint as frivolous because it concluded that the facts alleged, even if true, fail to state a constitutional violation. Because this determination is an issue of law, if the court erred in making this determination, we would find that it abused its discretion. *See Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000).

The District Court dismissed his Eighth Amendment claim because Mr. Hunter failed to allege any specific conditions that existed at the jail that could be considered constitutionally infirm. Mr. Hunter contends this conclusion is erroneous. We disagree.

Although an Eighth Amendment violation can arise based on the conditions of confinement, *see Rhodes v. Chapman,* 452 U.S. 337, 347 (1981), the conditions must be "'sufficiently serious,'" *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Prison conditions are sufficiently serious to violate the Eighth Amendment when they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. Conditions that fail to meet this high threshold, even if restrictive and harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

Mr. Hunter failed to allege in his complaint, however, any conditions at the El Paso County Jail that the District Court could have reviewed to determine whether an Eighth Amendment violation had occurred.  Nonetheless, Mr. Hunter argues on appeal that the overcrowding at the jail, the excessive noise levels, the lack of recreation time, and the visitation restrictions create conditions that violated the Eighth Amendment.

Although we doubt whether these conditions are sufficient to deprive Mr. Hunter of any of "life's necessities," *id.*, we cannot consider the merits of this argument.  The District Court did not consider any of these specific Eighth Amendment arguments because the complaint lacked any description of conditions from which a liberal construction could have raised these arguments.

- 4 -

Because these issues were not raised below, they are waived on appeal. *See Cummings v. Norton*, 393 F.3d 1186, 1190–91 (10th Cir. 2005).

Mr. Hunter also argues that his detention at the El Paso County Jail violated his Fourteenth Amendment due process rights. Mr. Hunter alleges that when he was sentenced to punitive segregation he was informed that he would be transferred to a DOC correctional facility. Despite eventually being transferred to a DOC facility, Mr. Hunter was initially transferred to the El Paso County Jail, where he was held for over two months without being given a reason why he was not directly moved to a DOC facility. Mr. Hunter argues that he was deprived of due process because he was placed in the county jail without receiving a hearing or being given a reason why he was not taken directly to a DOC facility. On appeal, Mr. Hunter also points out that he was given no hearing before being transferred from the county jail to the DOC facility.

A due process violation cannot occur unless a prisoner has been deprived of a constitutionally-protected property or liberty interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). Because a prisoner does not have a liberty interest in being placed at one facility or another, no process was due to Mr. Hunter when the DOC decided to initially place him at the county jail

before moving him to the DOC facility. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Similarly, no hearing was required when Mr. Hunter was moved from jail to prison. *Meachum*, 427 U.S. at 225. Because Mr. Hunter has no liberty interest in being placed at a DOC facility instead of a county jail, we agree with the District Court that Mr. Hunter has failed to allege a due process violation.

For the first time on appeal, Mr. Hunter claims that, prior to his hearing for his disciplinary charges, his case manager at the community corrections center told him that he would not be sent back to prison. Mr. Hunter alleges that a different case manager, one who was unaware of this statement, handled his hearing and ordered him sent to prison. This claim made on appeal can be liberally construed to question the adequacy of the process given to Mr. Hunter when he was initially transferred out of community corrections. Nevertheless, nothing in Mr. Hunter's complaint in the District Court can be construed as contesting the adequacy of the process given to him at his disciplinary hearing. As a result, this argument is waived for failure to raise it below. *See Cummings*, 393 F.3d at 1190–91.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the District Court's dismissal of Mr. Hunter's § 1983 suit. In dismissing Mr. Hunter's suit under 28 U.S.C.

§ 1915(e)(2)(B)(ii), the District Court noted that such dismissal counted as a strike under § 1915(g). Our affirmance of this dismissal solidifies the existence of that single strike. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). Because we conclude that Mr. Hunter's appeal lacks any arguable basis in law or fact, and therefore is frivolous under § 1915(e)(2)(B)(i), this appeal results in an additional strike against Mr. Hunter. *Id*. We GRANT Mr. Hunter's motion to proceed in forma pauperis. We also remind Mr. Hunter that he is obligated to continue making payments toward the balance of his assessed filing fees until they are paid in full.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge