FILED
United States Court of Appeals
Tenth Circuit

October 12, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TONYA SOPHOCLEOUS,

      Plaintiff-Appellant,

v.

LAWRENCE MEMORIAL
HOSPITAL,

      Defendant-Appellee.

No. 07-3147
(D.C. No. 07-CV-4029-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Tonya Sophocleous, proceeding pro se, appeals from the

dismissal of her medical malpractice claims by the District Court for the District

of Kansas. We have jurisdiction under 28 U.S.C. § 1291. Construing Ms.

Sophocleous's filings liberally,[1] we conclude that the district court correctly

---

[*]      This Order and Judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1]      Because Ms. Sophocleous is proceeding pro se, we review her pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

dismissed her claims for lack of subject matter jurisdiction and failure to state a claim for which relief could be granted. Accordingly, we **AFFIRM** the district court's order of dismissal.

## I. BACKGROUND

Ms. Sophocleous alleges that on February 9, 2007, she went to the emergency room at Lawrence Memorial Hospital and was diagnosed with a stomach flu. She returned the next day "in a great amount of pain" and was diagnosed with an ovarian cyst. R., Doc. 1, at 3. She sued for medical malpractice, seeking damages of $150 billion and a court order to force the hospital to treat her. The district court dismissed for lack of subject matter jurisdiction and for failure to state a claim for which relief could be granted. Ms. Sophocleous timely filed a notice of appeal.

## II. DISCUSSION

We review the district court's grant of a motion to dismiss de novo. *Johnson ex rel. Estate of Cano v. Holmes*, 455 F.3d 1133, 1139 (10th Cir. 2006). Ms. Sophocleous bears the burden of proof when invoking federal jurisdiction. *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

Diversity jurisdiction under 28 U.S.C. § 1332 is unavailable because Ms. Sophocleous acknowledges that both she and the hospital are citizens of Kansas. Federal question jurisdiction under 28 U.S.C. § 1331 depends on a right of action under some federal law. No federal law was mentioned in the complaint, and

those mentioned before the district court and on appeal do not provide for rights of action in this situation.

Ms. Sophocleous relies primarily on the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, which is "neither a federal malpractice nor a negligence statute." *Scott v. Hutchinson Hosp.*, 959 F. Supp. 1351, 1357 (D. Kan. 1997). Her allegations do not support claims that would be cognizable under EMTALA, such as "failing to conduct an appropriate medical screening" or "failing to further examine and treat a person whom the hospital has determined has an emergency medical condition." *Id.*

Ms. Sophocleous's unsupported citation of the Fifth Amendment for the first time on appeal will not create a federal question here. *See Cummings v. Norton*, 393 F.3d 1186, 1190 (10th Cir. 2005) (noting the "general rule that issues not raised below are waived on appeal"). And while 28 U.S.C. § 1343 provides jurisdiction over civil rights claims, Ms. Sophocleous has not alleged any facts that would give rise to a legally-cognizable civil rights violation. Therefore, the district court correctly dismissed these claims for lack of jurisdiction and failure to state a claim for which relief could be granted.[2]

---

[2] The district court found that dismissal of Ms. Sophocleous's state law claims also was appropriate because she failed to comply with the notice requirement of Kansas Statutes Annotated § 12-105b(d). *See generally* Kan. Stat. Ann. § 12-105b(d) ("No person may initiate an action against a municipality unless the claim has been denied in whole or part [after notice is filed].") On appeal, it is not clear whether Ms. Sophocleous challenges this district court

(continued...)

Accordingly we **AFFIRM** the district court's order dismissing Ms.

Sophocleous's complaint.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[2](...continued)
ruling.  Indeed, Ms. Sophocleous asserts that the district court "erred" in misinterpreting her complaint as being founded on state law claims.  *See* Aplt. Br. at 2.  In any event, we need not reach this issue because, even if notice were properly given, the district court would have been without jurisdiction to hear any of Ms. Sophocleous's state law claims.