**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CRAIG W. BROWN; JAN BROWN;
DAVID A. ARRIGHI; LYDIA REED;
RONALD L. CRICHTON-REED;
KATHERINE CRICHTON-REED;
WALTER SIMMONS,

    Plaintiffs-Appellants,

v.

ALMA, INC., a Kansas Corporation;
THOMAS C. MOORE; JAMES W.
MOORE; BRADLEY YOUNG, LLP,

    Defendants-Appellees.

No. 08-3013
(D.C. No. 2:06-CV-02548-JAR-GLR)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **SEYMOUR,** and **HOLMES**, Circuit Judges.

---

**I.**

In May 2004, plaintiffs Craig W. and Jan C. Brown, David A. Arrighi,

Lydia Reed, Ronald L. and Katherine Critchton-Reed, and Walter C. Simmons

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1.

filed a petition in state court against Alma, Inc. and Thomas C. and James W. Moore (collectively "Alma").  Plaintiffs asserted three state law claims: violation of the Kansas Securities Act, fraud and misrepresentation, and request for an accounting. [*See id.* at 35-36.]  On August 29, 2006, plaintiffs voluntarily dismissed their claims without prejudice.  Approximately four months later, and within the six month refiling period afforded by the Kansas savings statute, *see* KAN. STAT. ANN. § 60-518, plaintiffs refiled their state law claims in federal district court.  The complaint included a new defendant, Bradley and Young, LLP, and a new claim against each defendant for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), on which federal court jurisdiction was based.

On October 16, 2007, the district court granted judgment on the pleadings on plaintiffs' state law claims against Bradley and Young.  [Aplt. App. at 70.] The court held that the statute of limitations barred these claims.  The Kansas savings statute did not save these claims because the complaint was not "substantially similar" to the original petition. [*Id.* at 69.]  The court determined that plaintiffs' RICO claim remained viable, however, because that claim was governed by a longer limitations period. [*Id.* at 69-70.] Plaintiffs never sought review of, or any relief from, this order.

On October 24, 2007, the district court dismissed the RICO claim against Bradley and Young and all of plaintiffs' claims against Alma. [*See id.* at 71.] The

court held plaintiffs had failed to respond to defendants' motion to dismiss,[1] and, in any event, had not pled their fraud and RICO claims with particularity. *See* FED. R. CIV. P. 9(b). [*See* Aplt. App. at 73-75.] The court declined to exercise supplemental jurisdiction over the remaining state law claims, finding these claims were "better suited for decision in state court." Aplt. App. at 76. The court entered judgment, reiterating that defendants' motion to dismiss was granted. [*See id.* at 77.]

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, plaintiffs moved the court to "reconsider" and to amend its October 24 order. Plaintiffs asked the court, *inter alia*, to specify whether the claims against Alma were dismissed with or without prejudice. [*See id.* at 107.] Plaintiffs acknowledged that, if the district court did not exercise supplemental jurisdiction, "they w[ould] be time barred from refiling their state claims in state court." *Id.* at 115; *see id.* at 91-92. Alma responded that plaintiffs' state law claims should be dismissed with prejudice for the same reason the state law claims against Bradley and Young had been dismissed – namely, that the Kansas savings statute did not apply to the otherwise untimely claims. [*See id.* at 137.] Plaintiffs did not file a reply.

The district court amended its October 24 order,[2] specifying that the

---

[1] Alma filed the motion to dismiss and Bradley and Young joined in the motion. [*See* Aplt. App. at 9.]

[2] The court's ruling actually states that it was amending the October 16 order, [*see id.* at 146], but the language of the opinion makes clear the court

-3-

dismissal of the state law claims against Alma was with prejudice. [*See id.* at 142-43.] Plaintiffs' state law claims were not "substantially similar" within the meaning of the Kansas saving statute and thus were time-barred. [*Id.* at 143.] The court denied plaintiffs' remaining requests. This appeal followed. [*Id.* at 147.]

## II.

Plaintiffs' appeal turns on whether the Kansas savings statute saves their otherwise time-barred state law claims, because this is the only issue they raise. Plaintiffs contend the district court should have ignored the new defendant and new claim added to the federal complaint. Applying this rationale, plaintiffs argue, the district court could have found their state law claims were "substantially similar" to the claims asserted in their original petition.

We conclude plaintiffs' appeal necessarily fails. Plaintiffs did not argue to the district court that the Kansas savings statute permits a "parsing" of claims. Moreover, they offer no explanation for their failure to raise this issue in response to Alma's assertion that the Kansas savings statute did not apply to their claims. An argument not asserted below is waived on appeal. *See Rosewood Servs., Inc., v. Sunflower Diversified Servs., Inc.,* 413 F.3d 1163, 1167 (10th Cir. 2005) (holding argument not asserted before district court is waived on appeal); *In re*

_____

intended to amend the October 24 order.

*Walker*, 959 F.2d 894, 896 (10th Cir. 1992) (declining to consider argument because of "the general rule that 'a federal appellate court does not consider an issue not passed upon below'" (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976))); *see also Cummings v. Norton*, 393 F.3d 1186, 1190 (10th Cir. 2005) ("Because of the importance of raising an issue below, we have consistently turned down the argument that the raising of a related theory was sufficient to preserve an issue for appeal." (internal quotation marks omitted)).

We further note plaintiffs do not appeal the district court's ruling with respect to Bradley and Young. Nevertheless, to the extent uncertainty exists, we AFFIRM the district court's dismissal of the case against Bradley and Young.

For the reasons set forth above, we **AFFIRM** the district court's judgment.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge