**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RON COMPTON,

      Plaintiff-Appellant,

v.

RENT-A-CENTER, INC.,
a foreign corporation,

      Defendant-Appellee.

No. 08-6264
(D.C. No. 5:07-CV-00972-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

Plaintiff Ron Compton appeals the district court's entry of summary

judgment in favor of his former employer, Rent-A-Center, Inc. ("RAC"), on his

claim that he was not paid overtime wages. Our jurisdiction arises from

28 U.S.C. § 1291, and we affirm. Although Mr. Compton now argues that his

original complaint included a state-law claim for breach of contract, we determine

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that the complaint sought recovery only under federal law, the Fair Labor Standards Act ("FLSA"). Because he presents arguments on appeal that were not before the district court, we do not address them. In addition, we hold that the district court did not abuse its discretion in denying Mr. Compton leave to amend his complaint.

*Background*

Mr. Compton filed suit in Oklahoma state court on April 23, 2007, alleging that during his employment with RAC from July 2002 to November 2003, he had worked 600 hours in excess of 40 hours per week for which he had not been paid overtime wages. He claimed that his "unpaid overtime hours [were] required by federal law to be compensated at one-and-a-half times his regular rate of pay." Aplt. App. at 8. On August 31, 2007, RAC removed the case to federal court asserting federal jurisdiction under 28 U.S.C. § 1331, because Mr. Compton's claims for overtime pay implicated the FLSA. On November 26, 2007, Mr. Compton filed a motion to remand to state court on the ground that his complaint alleged only state-law contract claims for "unpaid overtime work." *Id.* at 24. On February 7, 2008, after discovery was closed, RAC moved for summary judgment. The district court denied Mr. Compton's motion for remand on June 12, 2008, holding that the original complaint did not allege a breach of contract, but rather, asserted issues "requir[ing] the resolution of a substantial federal question based on the [FLSA]." *Id.* at 316. Although the deadline for

-2-

filing amended pleadings was November 19, 2007, Mr. Compton moved to amend his complaint on June 16, 2008.

In an order entered November 11, 2008, the district court granted summary judgment in favor of RAC and denied Mr. Compton's motion to amend his complaint. In granting summary judgment, the district court ruled that Mr. Compton's FLSA claims were time-barred under the three-year FLSA statute of limitations, 29 U.S.C.§ 255(a),[1] because the complaint was filed April 23, 2007, almost three and one-half years after his employment ended in November 2003. The court further held that Mr. Compton was exempt from the FLSA's overtime requirement under the Motor Carrier Exemption, 29 U.S.C. §§ 207(a) and 213(b)(1).

Addressing Mr. Compton's state-law contract claims, the district court reiterated its earlier holding that the complaint did not allege a state-law claim for breach of contract. Even if there was a state-law claim alleged in the complaint, the court recognized that parties may "execute a contract obligating [the employer] to exceed the FLSA requirements regarding overtime compensation," but ruled that the undisputed material facts established that no such contract was formed. Aplt. App. at 355. The court rejected Mr. Compton's claim that RAC's

---

[1] The FLSA's general limitations period is two years, but if the FLSA violation was willful, the limitations period is three years. 29 U.S.C. § 255(a). Therefore, even if Mr. Compton's complaint alleged a willful violation, it was filed outside the FLSA limitations period.

employee handbooks created a contract, noting that all versions of the handbook expressly stated that the handbook was not a contract and that employment was at-will. The court further noted that even if the complaint alleged a contract claim, the Oklahoma three-year limitations period applicable to an implied contract, Okla. Stat. tit. 12, § 95(A)(2), barred this claim. Accordingly, the district court granted summary judgment in favor of RAC. The court also denied Mr. Compton's motion for leave to amend his complaint because the motion was untimely, and because allowing amendment would be prejudicial to RAC and futile.

On appeal, Mr. Compton argues that the district court erred in (1) holding that he failed to plead a breach-of-contract claim independent of the FLSA, (2) failing to recognize that he and RAC had a written employment contract, (3) finding that he failed to establish a contractual agreement to compensate him for his overtime work, and (4) denying his motion to amend his complaint.

*Summary Judgment*

"This court reviews a summary judgment decision *de novo,* viewing the evidence in the light most favorable to the non-moving party." *Archuleta v. Wal-Mart Stores, Inc.*, 543 F.3d 1226, 1231 (10th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

-4-

Mr. Compton asserts on appeal that he had a written contract with RAC simply to be paid for the hours he worked. He alleges that he was required to work several hours each week for which he was not paid at all. Yet in the district court he argued that RAC had failed to pay him overtime at the rate of time-and-a-half for those hours, as required by federal law. Accordingly, the district court construed his claims as invoking the FLSA and held that the FLSA governed them.

Abandoning his federal claims on appeal, Mr. Compton now argues that RAC's employee handbooks and time cards formed a written employment contract, subject to the five-year limitations period under state law. *See* Okla. Stat. tit. 12 § 95(A)(1).[2] Challenging the district court's ruling that he failed to allege a claim for breach of contract, Mr. Compton points to the following two paragraphs of his four-paragraph complaint:

2. The parties entered into an agreement for employment on or about the first day of July, 2002, under the terms of which the Plaintiff agreed to work for Defendant for the sum of $10.00 per hour.

3. The Plaintiff worked six hundred (600) hours in excess of forty (40) hours per week for the Defendant over the course of his employment with the Defendant, but was not paid by the Defendant for the hours he worked beyond forty (40) hours per week.

---

[2] A contract not in writing is subject to a three-year statute of limitations, *see id.* § 95(A)(2), and it is undisputed that Mr. Compton's claims arose more than three years before he filed suit.

Aplt. Opening Br. at 10 (quoting Aplt. App. at 8).

In the district court, however, Mr. Compton argued that he was due compensation under federal law for overtime at time-and-a-half. The complaint's fourth paragraph stated, "The Plaintiff's *unpaid overtime hours* are required by federal law to be compensated at one-and-a-half times his regular rate of pay, such that the Defendant is currently indebted to the Plaintiff in the sum of nine thousand dollars ($9,000.00)." Aplt. App. at 8 (emphasis added). The concluding paragraph prayed for judgment in the amount of $9,000.00. *Id.* Accordingly, the district court correctly construed Mr. Compton's complaint as asserting a violation of the FLSA, rather than a breach of contract under state law.

Seeking to avoid the FLSA statute of limitations, Mr. Compton now attempts to recast his allegations as a state-law breach-of-contract claim. This theory was not presented to the district court; therefore, we do not address it. *Bass v. Potter*, 522 F.3d 1098, 1107 n.9 (10th Cir. 2008). Mr. Compton's attempt to save his case by changing his time-barred FLSA claim to a state-law claim for an hourly wage is a litigation tactic we have rejected. "In order to preserve the integrity of the appellate structure, we should not be considered a 'second-shot' forum, a forum where secondary, back-up theories may be mounted for the first time." *Cummings v. Norton*, 393 F.3d 1186, 1190 (10th Cir. 2005) (quotation omitted).

In a related argument, Mr. Compton asserts that there was evidence in the record to establish the existence of an employment contract under state law. He contends that the district court improperly disregarded this evidence. But he relied on this evidence to argue to the district court that he was entitled to wages at time-and-a-half. As explained above, we reject Mr. Compton's attempt to recast his claims on appeal.

*Leave to Amend Complaint*

We next consider Mr. Compton's challenge to the district court's order denying him leave to amend his complaint to include a state-law claim for breach of contract. A plaintiff's motion to amend his complaint should be granted "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "We review the district court's decision to deny leave to amend a complaint for an abuse of discretion." *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009). Where the district court has denied leave to amend on the ground that amendment would be futile, "our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id.* (quotation omitted).

In denying leave to amend, the district court observed that "leave should be freely granted 'when justice so requires.'" Aplt. App. at 359 (quoting Fed. R. Civ. P. 15(a)). The court ruled, however, that the motion to amend was untimely, having been filed seven months after the deadline for filing amended pleadings and one month after briefing on summary judgment had been completed. Furthermore, the court noted that even though Mr. Compton was aware that RAC construed his complaint as asserting only a federal claim under the FLSA as of the date of removal, August 31, 2007, he delayed in seeking both a remand and leave to amend. The court further determined that allowing Mr. Compton to amend his complaint would be both prejudicial to RAC and futile.

One of the justifications for denying a motion to amend is undue delay. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). "The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* at 1205 (quotation omitted). The court appropriately may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." *Id.* at 1206 (quotation omitted).

Mr. Compton contends that his motion to amend, filed on June 16, 2008, was timely because it was filed just four days after the district court denied his

motion to remand. He contends that he was entitled to wait for a ruling on his motion to remand before moving to amend, despite the pendency of RAC's motion for summary judgment, the conclusion of discovery, and the November 19, 2007, deadline to file amended pleadings. He explained that the delay was due to his mistaken belief that his original complaint had sufficiently stated a claim for breach of contract.[3]

Mr. Compton was aware of the facts forming the basis of his contract claim prior to filing his original complaint. He was also aware of RAC's position that the original complaint did not state such a claim, as indicated in its answer to the complaint, Aplt. App. at 11-12 (denying all allegations; referring to plaintiff's "breach of contract claim, if any"); the joint status report, *id.* at 17 ("Plaintiff seeks back overtime under the federal [FLSA]."); and its summary-judgment motion, *id.* at 53-54 (arguing original complaint "does not state a claim for breach of a written contract for overtime"). Yet Mr. Compton did not request leave to amend until the litigation had progressed well into the summary-judgment stage, and he did not proffer an adequate explanation for the delay. *See McKnight v.*

---

[3] Mr. Compton again conflates his current claim for payment of hourly wages, with the contract claim the district court addressed and denied–whether the parties had a contract "obligating [RAC] to exceed the FLSA requirements regarding overtime compensation," Aplt. App. at 355. Therefore, even if Mr. Compton reasonably believed his complaint stated a breach-of-contract claim relative to the FLSA, it was not reasonable for him to believe that all potential contract theories were included.

*Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (affirming order denying leave to amend, noting that "plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint [and he] offered no explanation for the undue delay").  Indeed, it appears that the motion to amend was an attempt to "salvage a lost case by untimely suggestion of [a] new theor[y] of recovery," a tactic we have disfavored, *see Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001) (quotation omitted).

Finally, we consider the district court's finding that amending the complaint would be futile.  "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."  *E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (quotation omitted).

Mr. Compton argues that the employee handbooks and time records created a written contract of employment.  The district court held that the evidence Mr. Compton presented did not create a material factual dispute regarding a breach-of-contract claim.  In evaluating Mr. Compton's claims under the FLSA, the court discussed the employee handbooks, which contained bold, express disclaimers that no contract was formed.  Therefore, the court determined that allowing amendment to assert a state-law claim for breach of contract would be futile.

We have reviewed the employee handbooks and the time records, noting the disclaimers discussed by the district court. Under Oklahoma law, "an employer may deny (or disclaim) any intent to make the provisions of [an employee handbook] part of the employment relationship," as long as the disclaimer is clear. *Russell v. Bd. of County Comm'rs*, 952 P.2d 492, 502 (Okla. 1997). Mr. Compton responds that an employer may not disclaim an employee's claim to accrued benefits, *see id.*, and therefore, the disclaimers do not deprive him of his past-due wages. This may be so, but Mr. Compton's claims are time-barred unless he can show that he and RAC formed a *written* contract, thus bringing the claims within the Oklahoma five-year limitations period. Because the handbooks clearly disclaim any intent to create an employment contract, Compton's amended complaint would not survive a motion for summary judgment.

Accordingly, based on our de novo review, we find no abuse of discretion in the district court's determination that amendment would be futile, and we conclude that the district court acted within its discretion to deny leave to amend the complaint.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Chief Circuit Judge

-11-