*Weatherly v. Gravel and Shea, PC*, No. 977-9-11 Cncv (Toor, J., May 11, 2015).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| CRAIG WEATHERLY<br> Plaintiff<br><br>v.<br><br><br>GRAVEL AND SHEA PC<br> Defendant | Docket No. 977-9-11 Cncv |

## RULING ON MOTIONS FOR SUMMARY JUDGMENT AND TO AMEND THE COMPLAINT

This case between a lawyer and his former firm was tried to a jury on all but one count, which the parties agreed would be tried to the court. Trial was scheduled for March 30. On March 2, Plaintiff filed a motion for summary judgment that would not be ripe for decision before the trial date, and asked that in the alternative it be treated as a pretrial memorandum. Defendant filed a response on March 19. The trial was then continued on March 25 for unrelated reasons. The court thus indicated that it would address the motion for summary judgment before rescheduling the trial. On March 26, Plaintiff filed a motion to amend the complaint.

### Motion for Summary Judgment

Plaintiff argues in his motion that he is entitled to "guaranteed compensation" under the employment contract, even though he was terminated. However, he asserts no such claim in Count III of the complaint.

Plaintiff was terminated as of February 10, 2011. In Count III of the Complaint, he alleges that he was disabled as of November 30, 2010 and was entitled to compensation at his regular salary for three months and at half salary for six months. It further alleges that he was fit

to return to work on January 6, 2011 and his alcoholism was certified to be "in remission" as of January 18, 2011. The complaint alleges that Defendant stopped paying regular compensation on December 31, 2010 and "is liable for those payments due under Section 10 of the Employment Agreement." Complaint ¶¶ 52-57.

At trial, the jury found that Weatherly failed to prove that his current use of alcohol did not prevent him from performing his job and/or that he did not pose a threat to the safety of others. Verdict Form Question 5. Thus, under the Fair Employment Practices Act, he was not a "qualified individual with a disability." 21 V.S.A. 495d(6)(B). To the extent that the jury's verdict was based on the date of termination and not the period before that, the court finds based upon the evidence at trial that he was not a qualified individual with a disability at any relevant time, because he did not have an impairment that substantially limited any of his major life activities, had no history or record of same, and was not viewed as such.

For these reasons, Weatherly has failed to establish the claims asserted in Count III of the complaint.

Motion to Amend the Complaint

Apparently realizing the problem discussed above, Plaintiff now seeks to amend the complaint to add an entirely new allegation to Count III. He now wishes to add a claim for a "guaranteed salary" pursuant to the employment agreement. Plaintiff argues that amendments are to be granted freely, and that Defendant will suffer no prejudice because this issue was briefed once before in an earlier summary judgment motion.

This case has been pending since September of 2011. Plaintiff offers no justification for failing to amend the complaint during the last three and a half years. He alleges no newly discovered evidence, no misunderstanding of the law, no reason whatsoever. "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for

failing to move earlier." Wade v. Knoxville Utilities Bd., 259 F.3d 452, 459 (6th Cir. 2001). Since the claim is based upon the employment agreement, plaintiff should have known of this claim from the start. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F. 3d 1363, 1370 (9th Cir.1994)(citation omitted); *see also*, Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014) (finding denial of amendment justified where Plaintiff "could have amended his complaint, had he wished to do so, prior to summary judgment."); Compton v. Rent-A-Center, Inc., 350 Fed. Appx. 216, 221 (10th Cir. 2009) (affirming denial of leave to amend where plaintiff "did not request leave to amend until the litigation had progressed well into the summary-judgment stage, and he did not proffer an adequate explanation for the delay"); Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001) (denial of amendment proper where plaintiff "has offered no explanation for waiting until it was faced with a summary judgment motion before attempting to add its promissory estoppel claim").

The court also notes that, as Defendant points out, the need to amend Count III if this claim was to be asserted was made clear a year ago when Judge Grearson noted that Count III only raised the issue of disability payments. *See* Decision on Cross-Motions at 25, n. 20 (May1, 2014). There is just no excuse for waiting until now to seek to add this new claim.

The court finds that waiting three and a half years with no cause whatsoever, much less good cause, is unjustified. Moreover, although Plaintiff alleges that Defendant would not be prejudiced because it has known of this claim all along, he filed a motion for summary judgment to which Defendant had to respond before seeking to amend to assert the claims on which the motion is based. That is in itself prejudice.

<u>Order</u>

The motion to amend the complaint is denied. The motion for summary judgment on Count III is denied. The court grants summary judgment to Defendant on this claim based upon the testimony at trial. V.R.C.P. 56(f). All claims in this case having now been resolved, final judgment will be entered for Defendant.

Dated at Burlington this 11th day of May, 2015.

_____

Helen M. Toor
Superior Court Judge