FILED
United States Court of Appeals
Tenth Circuit

June 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN DOE,

Plaintiff - Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS OF PAYNE
COUNTY, OKLAHOMA,

Defendant - Appellee,

and

ADVANCED CORRECTIONAL
HEALTHCARE, INC.,

Defendant.

No. 14-6187
(D.C. No. 5:13-CV-00108-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

John Doe appeals from the judgment entered on a jury verdict in favor of the Board of County Commissioners of Payne County, Oklahoma (the Board) on his claim for discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-33 (ADA).  Doe argues the district court erred in (1) excluding his proposed expert witness testimony, and (2) instructing the jury that the decision to move him from general to segregated housing had to be motivated *solely* by the fact that he is HIV positive.[1]  Doe argues that either error standing alone entitles him to a new trial.  We have jurisdiction under 28 U.S.C. § 1291.  Finding no error, we affirm.

## BACKGROUND

On February 23, 2012, Doe was arrested on charges of obstruction and assault with a deadly weapon on a police officer.  He was transported to the local municipal lockup.  The next day, February 24, Doe was sent to the Payne County Detention Center (the Detention Center).  During the routine booking process the facility learned that Doe was HIV positive.  Initially, Doe was assigned to a general housing unit where inmates are permitted to freely socialize during the day and also have unrestricted access to showers, telephones and television.  General-housing detainees are also permitted to attend group religious services.

---

[1]     We granted the stipulated motion to dismiss Doe's appeal against Advanced Correctional Healthcare, Inc. with prejudice.

- 2 -

Later that same day, Annette Anderson, a Detention Center sergeant, decided Doe should be moved to a segregation pod, where he remained for several weeks until his release on April 11. In this pod, Doe did not enjoy all of the benefits, programs or activities afforded to general-housing detainees. For example, Doe was limited to one hour a day outside of his cell to shower and use the telephone. As a result, he could not move freely within the pod to mingle with other inmates. Nor could he attend group religious services.

In a contemporaneous record made at the time of the transfer, Anderson wrote that the reason Doe was transferred was "due to his HIV statutes [sic]." Aplt. App., Vol. 3 at 689. She explained later that she did not elaborate because of her mistaken belief that there was not "enough room in our [computer] field of [sic] putting all the reasons in the cell movement log." *Id.*, Vol. 14 at 3284. Anderson testified that absent this mistaken belief, she would have expanded the entry to say she knew Doe "personally" and "due to the nature of his charges" she worried about him getting into a fight and exposing other inmates to "bodily fluids or blood." *Id.* at 3285.

Prior to trial the Board moved to exclude the testimony of Doe's proposed corrections expert, Emmitt Sparkman. Following a *Daubert* hearing, the district court ruled that Mr. Sparkman would not be allowed to testify in Doe's case-in-chief. The court noted that the central issue for the jury was whether Doe "was or was not segregated solely because of his HIV status." *Id.*, Vol. 13 at 2947. Because Mr. Sparkman's opinions concerned what the court characterized as "best practices,"

it concluded the "proposed expert testimony has, at best, . . . only a slim toe hold on relevance, or as the Supreme Court calls it 'fit,'. . . [and] if [Mr. Sparkman] is a candidate to give expert testimony at all, [it] would be . . . to do so only as a rebuttal witness depending on what we hear from the defendant." *Id*. at 2960-61.

Later in the trial, the district court overruled Doe's objection to the jury instruction and verdict form that required him to prove that his HIV status was the *sole* motivating factor in transferring him from general to segregated housing. In so ruling, the court relied on *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1144 (10th Cir. 2005), which holds that "[u]nder . . . the ADA . . . [the plaintiff] is obligated to show that he was otherwise qualified for the benefits he sought and that he was denied those solely by reason of disability" (internal quotation marks omitted). *See* Aplt. App., Vol. 14 at 3319. The jury answered "No" when asked whether the "exclusion, denial of benefits, or discrimination was solely by reason of [Doe's] disability." *Id*., Vol. 13 at 2912.

## ANALYSIS

**Expert Witness**

On appeal, "we review de novo the question of whether the district court applied the proper standard and actually performed its gatekeeper role in the first instance. We then review the trial court's actual application of the standard in deciding whether to admit or exclude expert testimony for abuse of discretion." *Dodge v. Cotter Corp*., 328 F.3d 1212, 1223 (10th Cir. 2003). As such, "we will not

disturb the district court's ruling unless it is arbitrary, capricious, whimsical or manifestly unreasonable, or when we are convinced that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted).

Rule 702(a) of the Federal Rules of Evidence imposes a duty on the district court to ensure that the proposed expert testimony is not only reliable, but *relevant*. "A witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if: [] the expert's scientific, technical, or other specialized knowledge *will help the trier of fact to understand the evidence or to determine a fact in issue. . . .*" (emphasis added). *See also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Whether an expert's testimony is relevant has been described as a question of "fit." *Daubert*, 509 U.S. at 591. This means that "[e]ven if an expert's proffered evidence is scientifically valid and follows appropriately reliable methodologies, it might not have sufficient bearing on the issue at hand to warrant a determination that it has relevant 'fit.'" *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1234 (10th Cir. 2004).

Our review of the record convinces us that the district court did not abuse its discretion in excluding Mr. Sparkman's testimony. Despite Doe's arguments to the contrary, not a single one of Mr. Sparkman's sixteen opinions pertained to the question of whether Doe was placed in a segregated housing unit solely because of his HIV status; instead Mr. Sparkman opined on the inadequacies of the Detention Center's policies on classifying prisoners with HIV and its failure to follow so-called "best practices." *See* Aplt. App., Vol. 3 at 813-15.

There is no question the district court performed its gatekeeper function in the first instance. As to its relevancy determination, the court explained that Mr. Sparkman's proposed testimony was not a "fit," because it had nothing to do with "whether [Doe] was or was not segregated solely because of his HIV status." *Id.*, Vol. 13 at 2961. The court's decision to exclude Mr. Sparkman's testimony was not an abuse of discretion.

**Jury Instruction and Verdict Form**

We review the sole-motivating-factor instruction "de novo to determine whether it accurately states the governing law." *EEOC v. Beverage Distribs. Co.*, 780 F.3d 1018, 1020 (10th Cir. 2015) (footnote omitted). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.[2]

As such, "[t]o state a claim under Title II, the plaintiff must [prove] that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007). We are concerned here with the third element of a cause of action under Title II and Doe's argument that the jury should have been instructed that he had carried his burden if he could show that his HIV status was *a motivating factor* in the decision to move him to segregated housing. We conclude there was no error in the jury instruction and concomitant verdict form.

In *Fitzgerald*, we held that a plaintiff claiming a violation of Title II of the ADA "is obligated to show that he was otherwise qualified for the benefits he sought and that he was denied those *solely* by reason of disability." 403 F.3d at 1144 (internal quotation marks omitted) (emphasis added). Nonetheless, Doe urges us to ignore our holding in *Fitzgerald*, arguing that it purports to overrule the "determining factor" ADA causation standard established by our earlier decision in *Bones v. Honeywell International, Inc.*, 366 F.3d 869 (10th Cir. 2004). He also argues that

---

[2]    "This provision extends to discrimination against inmates detained in a county jail." *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

*Fitzgerald* is contrary to the Supreme Court's decision in *University of Texas*

*Southwestern Medical Center v. Nassar*, --- U.S. ---, 133 S. Ct. 2517 (2013), which

according to Doe, "strongly suggests that motivating factor is the proper standard for

status-based discrimination under the ADA because the ADA specifically includes"

some of the same remedies included in Title VII.  Aplt. Reply Br. at 3.

In addition to the fact that our prior ruling in *Bones* concerned a Title I claim,

whether or not the plaintiff's disability was the sole motivation for terminating her

employment was not at issue; instead, we stated, in the context of summary

judgment, that a plaintiff "must provide some evidence that her disability was a

determining factor in [the employer's] decision to terminate her."  366 F.3d at 878.

Moreover, we have had occasion to interpret and apply the Supreme Court's *Nassar*

decision, and we concluded it stands for the proposition that the standard of causation

for a Title VII retaliation claim is "but for" causation.  *See, e.g.*, *Ward v. Jewell*,

772 F.3d 1199, 1203 (10th Cir. 2014) ("The Supreme Court [in *Nassar*] has likened

[the burden for a retaliation claim] to a showing of 'but-for causation.'").  If *Nassar*

suggests anything regarding the instruction issue presented, it suggests that a

mixed-motive standard does not apply to any claims other than Title VII

discrimination claims.[3]

---

[3]     We acknowledge that several of our sister circuits have relied on the Supreme
Court's decision in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), to
apply a "but for" causation standard to ADA claims.  To be sure, *Gross* concerned
a claim under the Age Discrimination in Employment Act of 1967 (ADEA) – not the
(continued)

In summary, at present *Fitzgerald* is the controlling law in this circuit and "[a]bsent *en banc* consideration, we generally cannot overturn the decision of another panel of this court." *United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014) (internal quotation marks omitted). At the same time, "when the Supreme Court issues an intervening decision that is contrary to or invalidates our previous analysis," we can treat our prior ruling as overruled. *Id*. (internal quotation marks omitted). A case that merely "suggests" a result contrary to our existent precedent falls short of a decision that is contrary to, or invalidates, a prior decision of this court.

---

ADA. However, the Supreme Court cautioned against incorporating the statutory language of Title VII, which specifically "provide[s] that a plaintiff may establish discrimination by showing that age was simply a motivating factor," to anti-discrimination statutes that do not contain such language. *Id*. at 174. *See also Palmquist v. Shinseki*, 689 F.3d 66, 74 (1st Cir. 2012) (applying the "but for" causation standard announced in *Gross* to claims under the Rehabilitation Act), *cert. denied*, 134 S. Ct. 52 (2013); *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 319 (6th Cir. 2012) (applying *Gross's* "but for" standard to claims under the ADA); *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 961 (7th Cir. 2010) (same).

In any event, we do not consider whether "but for" causation is the proper standard because Doe failed to request such an instruction and does not argue plain error. *See EEOC v. Beverage Distribs. Co.*, 780 F.3d 1018, 1023 n.4 (10th Cir. 2015) (citation omitted) ("Though we can consider forfeited arguments under the plain-error standard, [when a party] has not argued plain error . . . we will not consider the possibility of plain error on a forfeited theory").

The judgment of the district court is affirmed.  We grant Doe's request to file Volumes 12, 13 and 14 of the Appendix under seal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge