**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

GERRY BILLY,

    Plaintiff - Appellant,

v.

CURRY COUNTY BOARD OF
COMMISSIONERS, a political sub-
division existing under the laws of the
State of New Mexico; LANCE PYLE,
individually and in his official capacity
as County Manager for the Curry
County Board of County
Commissioners; ROBERT
SANDOVAL, individually; FRANK
BLACKBURN, individually; BEN
McDANIEL, individually; TIM
ASHLEY, individually,

    Defendants - Appellees.

No. 14-2188
(D.C. No. 2:13-CV-00032-MCA-LAM)
(D. New Mexico)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
———————————————————

---

[*]    The parties do not request oral argument, and the Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

This appeal grew out of Mr. Gerry Billy's employment as a jail administrator. This employment was based on a one-year contract, which would expire on January 31, 2013. If Mr. Billy remained an employee throughout the one-year term, he would enjoy the possibility of two annual extensions. But, Mr. Billy did not make it that long; he was fired on January 8, 2013, 23 days before his contract was to expire. Mr. Billy sued the Board of Commissioners and four individuals, claiming denial of equal protection, tortious interference with contract, retaliatory discharge, deprivation of due process, violation of the First Amendment, breach of contract, and violation of the state's Whistleblower Protection Act.

In two thorough opinions, the district court dismissed some of the claims and granted summary judgment to the defendants on the federal claims that otherwise would have remained. Having terminated all of the federal claims, the court declined to exercise supplemental jurisdiction over one remaining state-law claim (violation of the state's Whistleblower Protection Act). Mr. Billy appeals the orders granting dismissal and summary judgment. We affirm.

## I.      Dismissal

The district court dismissed the claims for denial of equal protection, tortious interference with contract, and retaliatory discharge. In doing so, the

court correctly decided the arguments raised by Mr. Billy in his response brief. On these issues, we agree with the district court for the reasons stated in its order.

On appeal, however, Mr. Billy makes two new arguments:

1.  The district court erroneously concluded that Mr. Pyle (the County Manager) was acting in the course of his employment.

2.  Two of the defendants could not obtain immunity under state law because they had not been county commissioners between December 5, 2012, and January 1, 2013.

Mr. Billy did not present either of these arguments in district court. Because the arguments were not presented there, we consider the arguments "forfeited." *See EEOC v. Beverage Distribs. Co.*, 780 F.3d 1018, 1023 n.4 (10th Cir. 2015). Forfeited arguments are generally reviewable under the plain-error standard. *See id.* But Mr. Billy has not urged plain-error review. As a result, we decline to consider these newly presented arguments. *See id.*

## II.    Summary Judgment

The district court granted summary judgment to the defendants on the claims involving breach of contract, deprivation of due process, and violation of the First Amendment. For the arguments presented in district court on these claims, we agree with the district court's thorough analysis.

On appeal, however, Mr. Billy has again presented two new arguments:

1.  The Commission breached the contract by stating that there were enough votes to put him under Mr. Pyle's supervision.

2.      Prior to Mr. Billy's termination, Commissioner Sandoval made stigmatizing statements that affected Mr. Billy's ability to obtain another job.

Mr. Billy failed to present either of these arguments in response to the defendants' summary judgment motion. As a result, we consider the arguments "forfeited." *See EEOC v. Beverage Distribs. Co.*, 780 F.3d 1018, 1023 n.4 (10th Cir. 2015). Because Mr. Billy has not asked us to review the new arguments under the plain-error standard, we decline to consider them. *See id.*

## III.    Disposition

We affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge